INHABITANTS OF BREMEN *versus* INHABITANTS OF BREWER.

Supplies furnished to a soldier and his family, by a town in which they fell into distress, while there temporarily on a visit, cannot be considered as furnished under Public Laws of 1862, c. 127, or of 1863, c. 205.

Expenses incurred for supplies thus furnished may be recovered of the town in which such soldier had his legal settlement.

ON REPORT.

ASSUMPSIT for supplies, medical assistance, nursing, &c., furnished to James H. Erskine and his wife and child, and burial expenses of Erskine and child.

On December 31, 1863, Erskine, being then an inhabitant of and having his legal settlement in the defendant town, reënlisted in the U. S. service. In January, 1864, he came home on a furlough, and went, with wife and child, to the plaintiff town, on a visit, where he, wife and child sickened with the small pox, and he and child died and were buried by the plaintiffs.

Notice and denial were according to the requirements of the statute.

The main question was whether the defendant town was liable. Defendants offered to show that, before any supplies were furnished and immediately after reënlistment, Erskine's family took up their residence in Bangor, where they continued to reside up to the time of this trial.

The case was continued on report, with the agreement that, if the plaintiffs can recover, defendants to be defaulted and heard in damages, otherwise plaintiffs to become nonsuit. And, if plaintiffs have made out a *prima facie* case, and the evidence offered by defendants be material, cause to stand for trial.

*A. P. Gould*, for the plaintiffs.

*J. A. Peters*, for defendants.

Plaintiffs' construction results in making Erskine a pauper upon Brewer, because he fell sick in Bremen, when he would not have been a pauper had he sickened in Bangor.

The soldier would hardly understand why he should be disgraced as a pauper, if sick in Bremen, but supported by his country, as its benefactor, if sick in Bangor. A soldier cannot become or be made a pauper while a soldier, whatever, wherever or however the distress may be. *Veazie* v. *China*, 50 Maine, 518; *Milford* v. *Orono*, 50 Maine, 529.

Bangor was bound to fully support this soldier and family. How can they be thrown as paupers upon Brewer? Public Laws of 1863, c. 205, § 1.

Bremen might recover of Bangor on implied assumpsit.

Bremen should have notified Bangor, who was bound to render the aid; if Bangor refused, Bremen, or any one else, could from necessity furnish the support, and assumpsit upon an implied promise would lie against Bangor for such necessaries.

Otherwise public burdens are unequal. By the reported cases, *supra*, Brewer must support soldiers' families residing there but having no settlement there, and also support those who do not reside in that town but who have a settlement there. How can Brewer be bound to support, either as soldiers or paupers, persons whom Bangor is bound at the same time to support?

Had Bremen notified Bangor of Erskine's condition, Bangor would have been suable. *Weston* v. *Davis*, 24 Maine, 374.

If Erskine's family had a right to call upon Bangor, Bremen need not and should not have incurred expense. *Southbridge* v. *Charlton*, 15 Mass., 248.

With the right to receive support from Bangor, the family were in no such distress as would render them paupers, because they had a provision to fall back upon.

APPLETON, C. J.—The R. S., 1857, c. 24, defines and establishes the rights, duties and obligations of towns in reference to those falling into distress within their limits, and determines when and under what conditions towns, thus furnishing supplies, can recover remuneration for supplies

furnished against the towns in which those receiving supplies have their settlement. This statute governs and controls except when modified by subsequent enactments.

The plaintiffs' right to recover is unquestioned, unless the defendants can bring their case within some modification of the statute. This they attempt, and claim exemption under the provisions of the statute of 1863, c. 205, § 1.

By the Act of 1863, c. 205, § 1, cities, towns and plantations were required to raise money " by taxation or otherwise, to be applied to aid in the support of the wife or dependant mother, father, brother or sister, and minor children, *being inhabitants* of such city, town or plantation, of any soldier, sailor or marine, who may be actually engaged in the military or naval service of the United States or of this State, in any recognized company, battalion or regiment of this State, or on board of any armed vessel of the United States, during the present rebellion," &c. This statute is limited in its application. It refers only to supplies furnished and aid rendered by a city, town or plantation, to certain relatives of their respective inhabitants in the military or naval service of the United States. Neither Erskine nor his family were inhabitants of Bremen. They had no settlement there. The case finds they were there only on a visit. This statute imposed no obligation upon the plaintiff town. The supplies for which this suit is brought were furnished under the general law of the State in relation to paupers, (R. S., 1857, c. 24,) and not under the Act of 1863 ; or under any of the subsequent Acts upon the same subject.

So, the city, town or plantation furnishing aid under the provisions of the Act of 1862, c. 127, § 2, or that of 1863, c. 205, § 2, may be reimbursed by the State. But the plaintiff town is not entitled to be thus reimbursed, because the aid was not furnished under either of these Acts.

In *Veazie* v. *China*, 50 Maine, 518, and in *Milford* v. *Orono*, 50 Maine, 529, it was decided that the statute of 1861, c. 63, and that of 1862, c. 127, were mandatory in

their character and not permissive, and that supplies furnished under their requirements, by a city, town or plantation, to an inhabitant thereof in actual service, should not create any pauper disabilities of any kind on the part of the absent soldier or his family. The effect of supplies furnished to relieve distress in all other cases remains unaffected by their provisions.

The provision by the Act of 1863, c. 205, § 5, is, that no pauper disabilities shall be created by reason of receiving the aid provided for "in *this* Act." No aid was received by Erskine or his family under the provisions of *this* Act. This section, therefore, has no bearing upon the question.

There is no evidence tending to show a settlement in Bangor, but the reverse, at the time the supplies were furnished.

The plaintiffs are entitled to recover.

*Defendants defaulted, to be heard in damages.*

CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.

TAPLEY, J., did not concur.